**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDWIN GIOVANNI YASELGA GONZALEZ,

      Petitioner,

v.                                                                    No. 1:26-cv-00777-DHU-LF

GEORGE DEDOS, Warden of Cibola County
Correctional Center; MARY DE ANDA-YBARRA,
Field Office Director of El Paso Field Office; TODD
LYONS, Acting Director of ICE; KRISTI NOEM,
Secretary, U.S. Department of Homeland Security;
PAMELA BONDI, U.S. Attorney General,

      Respondents.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Edwin Giovanni Yaselga Gonzalez's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully detained without due process and that his detention without the opportunity for bond violates Immigration and Nationality Act ("INA"), his Fifth Amendment due process rights, and the Administrative Procedure Act ("APA"). *Id.* The Petition asks the Court to declare Petitioner's detention unlawful and to issue a writ of habeas corpus ordering Respondents to release Petitioner or, in the alternative, to provide him with a bond hearing as soon as possible. *Id.* at 22-23. Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED**.

1

# I.
# BACKGROUND

The Court has previously discussed the relevant facts and procedural history of this case in its Order Granting Petitioner's Motion for a Temporary Restraining Order ("TRO"). Doc. 7. Since then, the Government responded to the Petition but did not dispute any of the facts contained in the Petition or in the factual findings in the Court's TRO. *See* Doc. 9. Accordingly, the Court incorporates by reference the factual findings discussed in its TRO. *See* Doc. 7 at 2-3. As a brief summary of the relevant facts, Petitioner is a citizen of Ecuador who entered the United States on or about February 6, 2024. Doc. 1 at ¶ 46; Doc. 9 at 1-2. Upon entering the country, Petitioner encountered border patrol but was released on an Order of Release on Recognizance under 8 U.S.C. § 1226. Doc. 1 at ¶ 47; Doc. 9 at 2-3. Petitioner relocated to Minnesota, Doc. 1 at ¶ 49, and applied for asylum, *id.* at ¶ 52; Doc. 9 at 3. On January 7, 2026, Petitioner was re-arrested by immigration authorities in his driveway in Minneapolis, Minnesota. Doc. 1 at ¶ 55; Doc. 9 at 4.

Petitioner's habeas petition seeks his release, alleging violations of the INA, the APA, and his rights under the Fourth and Fifth Amendments to the Constitution. *Id.* at ¶¶ 60-96. In a Motion for TRO, Petitioner sought immediate release, which this Court granted after finding he was substantially likely to succeed on the merits of his claim, that he faced irreparable harm in detention, and that the balance of the equities and the public interest weighed in favor of emergency relief. *See* Doc. 7.

The Court now addresses Petitioner's underlying habeas petition.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he was arrested and is being unlawfully detained in violation of the INA, the APA, his Fifth Amendment due process rights, and his Fourth Amendment rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

### A. Due Process Claim

In its TRO, the Court addressed—in a preliminary fashion—the merits of Petitioner's due process and INA claims, finding a substantial likelihood of success on the merits of both. The Court has since received and reviewed a Response from the Government opposing the relief requested and a Reply from Petitioner in support of his habeas petition. *See* Docs. 9, 10. Regarding Petitioner's due process claim, the Court remains convinced that he possesses a protected liberty interest as a result of his previous release and that, under the three factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), he was entitled to notice and a pre-deprivation hearing before he was re-detained. The Court therefore incorporates by reference the due process analysis contained

3

in its TRO, *see* Doc. 7 at 4-7, and finds that Respondents' re-detention of Petitioner without a pre-deprivation hearing deprived him of his right to due process under the Fifth Amendment.

### B. Remaining Claims

Given the Court's finding of a due process violation, it need not make a determination regarding Petitioner's INA, APA, or Fourth Amendment claims in order to grant the relief requested. The Court therefore grants Petitioner's petition on due process grounds and declines to reach Petitioner's remaining claims.

### C. Remedy

A bond hearing, or any other remedy short of release, would not adequately address the most concerning violation present in this case—the Government's initial re-detention of Petitioner without due process of law. *See, e.g., E.A.T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

Several courts analyzing similar facts, including this one, have found that immediate release is the appropriate remedy when the Government's re-detention of someone violates their due process rights. *Wamsley*, 795 F.Supp.3d 1316 (holding that a noncitizen previously released on an order of recognizance had a liberty interest in his continued release, that the *Mathews* factors required a pre-deprivation hearing before any re-detention, and that the appropriate remedy was release); *Singh v. Carnes*, No. 1:26-cv-00235-DHU-GJF (D.N.M. Mar. 3, 2026) (finding the same); *Valdez v. Joyce*, 803 F.Supp.3d 213 (S.D.N.Y. 2025) (same); *Garcia-Domingo v. Castro*, 806 F.Supp.3d 1246 (D.N.M. 2025) (at TRO stage, ordering immediate release of petitioner previously released by ORR and re-detained without a pre-deprivation hearing); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *13 (D. Colo. Jan. 13, 2026) (finding release the appropriate remedy

to remedy unlawful re-detention of noncitizen previously determined by ORR not to be a flight risk or danger); *Faizyan v. Casey*, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025) (finding, under *Mathews*, that revocation of Petitioner's release on recognizance without an opportunity to be heard deprived him of his due process rights, and ordering his immediate release); *Chipantiza-Sisalema v. Francis*, 2025 WL 1927931, at *4 (S.D.N.Y. July 13, 2025) (granting noncitizen's request for immediate release when she was re-detained without notice or hearing after previous release on her own recognizance). This Court concludes the same here and finds that the only adequate remedy for the due process violation here is Petitioner's release. The Court's previous TRO ordered Petitioner's release and enjoined his re-detention absent due process. In granting the Petition now, the Court makes that preliminary relief permanent.

**IV.**
**CONCLUSION**

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that the preliminary relief ordered by this Court, Doc. 7, is permanently extended. Respondents remain **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that revocation of Petitioner's release is warranted and that he is a danger to his community or a flight risk.

Petitioner may submit an application for attorney's fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE